UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ROSALIO REYNOSO ARELLANO,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cr-00151-LK<br><br>ORDER GRANTING MOTION TO SEAL |

　　　　This matter comes before the Court on the Government's unopposed motion to seal Exhibit A of its sentencing memorandum. Dkt. No. 282. The Government states that Exhibit A (Linesheets) contain "the contents of judicially authorized interception of wire and oral communications," including communications from individuals who have not been charged in this matter, and 18 U.S.C. § 2517 "requires that these wiretap interceptions be sealed and remain so except under narrowly defined circumstances, including while giving testimony under oath." *Id.* at 1–2; *see also* Dkt. No. 283 (sealed Exhibit A).

ORDER GRANTING MOTION TO SEAL - 1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). However, Section 2517 limits when information collected from wiretapping may be disclosed. Courts in the Ninth Circuit have interpreted the statutory provisions as "prohibiting the public disclosure of [wiretapping] material until after it has been admitted into evidence in a criminal trial or at a suppression hearing." *United States v. Rand*, No. 3:16-cr-00029-MMD-WGC, 2016 WL 6208265, at *3 (D. Nev. Oct. 24, 2016); *see also United States v. Kwok Cheung Chow*, No. 14-cr-00196-CRB (JCS), 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015) ("Courts have generally held that in light of Title III's purpose of safeguarding privacy, the statute's list of permissible disclosures is exclusive—in other words, 'what is not permitted [under § 2517] is forbidden.'" (quoting *United States v. Dorfman*, 690 F.2d 1230, 1234 (7th Cir. 1982)).

The Court has reviewed the document at issue, which comprises the contents of judicially-authorized interceptions of wire and oral communications, including communications with individuals who have not been charged in this matter. Dkt. No. 283. Redaction is not a feasible alternative to sealing. The Court finds that the document may remain under seal pursuant to 18 U.S.C. § 2517. *See Kwok Cheung Chow*, 2015 WL 5094744, at *7.

The Court therefore GRANTS the motion to seal. Dkt. No. 282. Exhibit A may remain under seal. Dkt. No. 283.

Dated this 3rd day of March, 2025.

*Lauren King*
Lauren King
United States District Judge